990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred D. ARELLANES, Defendant-Appellant.
 No. 92-30375.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred D. Arellanes appeals pro se the district court's denial of his motion asking the district court to preside over his special parole violation hearing. Arellanes contends that the district court, and not the United States Parole Commission (Commission), should decide whether to revoke his special parole term. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Commission retains jurisdiction over a special parolee until the maximum term for which the parolee was sentenced expires. McQuerry v. United States Parole Com'n, 961 F.2d 842, 845 (9th Cir.1992); see also 21 U.S.C. § 841(c); 18 U.S.C. § 4210(b)(1). The Commission has the power to revoke a special parole term and determine any additional time of imprisonment based on the special parole term violation. McQuerry, 961 F.2d at 845; see also 18 U.S.C. § 4214.
 
 
 4
 Here, Arellanes was sentenced to ten years imprisonment to be followed by a special parole term of ten years. Arellanes completed his prison term and was serving his special parole term when he was arrested and charged in California state court with unlawful possession of cocaine. He pleaded guilty to the charge and received a six-month jail term. Arellanes then moved the district court to have the district court, and not the Commission, decide his special parole violation hearing. The district court denied Arellanes' motion stating that the Commission "retains jurisdiction over the defendant's special parole term and the violation hearing process regarding that parole."
 
 
 5
 We agree with the district court. Arellanes was serving his special parole term when he was arrested and convicted, and therefore, the Commission retained jurisdiction over his special parole term and the violation hearing process. See McQuerry, 961 F.2d at 845. The district court properly determined that the Commission should decide whether Arellanes' special parole term is revoked. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3