**William H. MILLER, Petitioner–Appellant,**

**v.**

**FEDERAL BUREAU OF PRISONS; A.F. Beeler, Respondents–Appellees.**

**No. 92–6228.**

United States Court of Appeals, Tenth Circuit.

March 30, 1993.

William H. Miller, pro se.

Timothy D. Leonard, U.S. Atty., and Debra A. Woods, Asst. U.S. Atty., Oklahoma City, OK, for respondents-appellees.

Before LOGAN and MOORE, Circuit Judges, and LUNGSTRUM,* District Judge.

LOGAN, Circuit Judge.

Petitioner William H. Miller, a federal prisoner serving a parole violator term at the Federal Correctional Institution at El Reno, Oklahoma, appeals from an order of the district court dismissing his petition for writ of habeas corpus, filed under 28 U.S.C. § 2241. Originally convicted in 1971 of selling narcotic drugs, petitioner was sentenced to two concurrent twenty-year terms of imprisonment. He was initially paroled on April 21, 1978, but since then his parole has been revoked five times by the United States Parole Commission. In this action, petitioner claims that the Parole Commission refused credit for one year that he spent out on parole without giving him proper notice and violated his due process rights by failing to provide him with a timely revocation hearing after he was taken into custody on a parole violator warrant issued in 1982. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.[1]

I

We address first petitioner's claim that, without proper notice, the Parole Commission refused credit for one year that he spent out on parole. In February 1979, less than one year after petitioner was initially paroled, the Parole Commission issued a warrant for his arrest based on alleged parole violations. Petitioner was apprehended on April 1, 1980. On the day following his arrest, a probation officer interviewed petitioner about the parole violations alleged in the warrant application. Petitioner admitted the violations, and the probation officer recommended that petitioner be returned to prison as a parole

violator. The Parole Commission, in a Notice of Action, revoked petitioner's parole and refused him credit for street time "from Dec. 8, 1978, to April 1, 1979." I R. doc. 21, Ex. F. Petitioner was reparoled on November 5, 1980.

Four years later the Parole Commission issued a corrected Notice of Action after an audit of petitioner's sentence revealed a discrepancy. The corrected Notice of Action indicated that petitioner would not receive credit for street time "from December 8, 1978, to April 1, 1980," id., Ex. Q, because he was in absconder status for this entire period. Petitioner complains now that he was never served with the corrected Notice of Action or with notice of his right to appeal the corrected Notice, and that he should not lose an additional year of credit because he was in fact reporting to a probation officer during the time in question.

The magistrate judge, whose findings were adopted by the district court, found that the Parole "Commission's correction of its error was entirely consistent with the language of [18 U.S.C.] § 4210(b)(2)."[2] Because petitioner could not show prejudice from inadequate notice there was no deprivation of due process. I R. doc. 24 at 7.

■ The Parole Commission's decision to grant or deny parole will not be disturbed unless the Commission abused its discretion or acted arbitrarily or capriciously. *Turner v. United States Parole Comm'n*, 934 F.2d 254, 256 (10th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 239, 116 L.Ed.2d 195 (1991). Furthermore, we are guided by the principle that "an administrative agency's interpretation and application of its own regulations should be given some deference by the courts." *Sotelo v. Hadden*, 721 F.2d 700, 702 (10th Cir.1983). After thoroughly reviewing the record, we

---

* The Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The magistrate judge found that the issues raised in petitioner's habeas action could be resolved on the basis of the record, without an evidentiary hearing. I R. doc. 24 at 2.

find· no basis upon which to reverse the district court's dismissal of this claim.

■ The Parole Commission has statutory authority under the Parole Commission and Reorganization Act of 1976 (the Act), 18 U.S.C. §§ 4201–4218,[3] to "modify or revoke an order paroling any eligible prisoner." 18 U.S.C. § 4203(b)(3). Additionally, the Parole Commission may reopen a case upon the receipt of new information. 28 C.F.R. § 2.28(a), (f). The discovery of an error may be considered "new information" sufficient to justify reopening a case. *McClanahan v. Mulcrome*, 636 F.2d 1190, 1191 (10th Cir.1980); *see also McQuerry v. United States Parole Comm'n*, 961 F.2d 842, 847 (9th Cir.1992) (recognizing that Parole Commission may reopen case under 28 C.F.R. § 2.28 to revoke street time that had been credited erroneously).

■ When the Parole Commission revokes parole for parole violations, it also has the discretion to order the forfeiture of any time during which the parolee "intentionally refused or failed to respond to any reasonable request, order, summons or warrant of the Commission." 28 C.F.R. § 2.52(c)(1). Despite petitioner's claim that he reported at all times after April 1, 1979, under this regulation the Parole Commission clearly has authority to order the forfeiture of street time once it finds that a parolee has intentionally refused to cooperate. Although the record does not indicate that the Parole Commission made such a finding in this case, the Parole Commission maintains that it originally intended to refuse credit for time petitioner spent on parole until April 1, 1980, and there is no evidence to suggest that such a determination was arbitrary or capricious. On the contrary, the Parole Commission's order

that petitioner accrue credit for none of the time he spent on parole from December 8, 1978, to April 1, 1980, is consistent with the record.

■ Petitioner received a full revocation hearing on April 2, 1980, in which he admitted to all of the parole violations alleged in the warrant application. He ultimately received notice of the corrected Notice of Action, and he alleges no prejudice from the delayed notice. There is no indication that petitioner has even requested that the Parole Commission reopen his case for reconsideration of· the corrected Notice of Action. Finally, there is no evidence to suggest that the Parole Commission was doing anything other than correcting a clerical error. Under these circumstances, we cannot conclude that the Parole Commission's failure to provide petitioner with prompt notice of the corrected Notice of Action resulted in a violation of his due process rights.[4] *See Camacho v. White*, 918· F.2d 74, 79 (9th Cir.1990) (parolee claiming violation of due process from inadequate notice of parole revocation hearing must show prejudice).

## II

We next address petitioner's challenge of the Parole Commission's authority to withdraw a warrant without holding a revocation hearing. On November 9, 1981, one year after petitioner was paroled for the second time, he was arrested and charged with larceny, forgery, and uttering. The Parole Commission issued .a parole violator warrant April 7, 1982, based upon the charged crimes, as well as other parole violations. Petitioner was arrested pursuant to the parole violator warrant. Following the execution of the warrant, the Pa-

---

3. 18 U.S.C. §§ 4201–4218 have been repealed, Pub.L. No. 98–473, § 218(a)(5), 98 Stat. 2027 (1984), but continue in effect as to petitioner's offense. *See id.* § 235(b)(1), 98 Stat. 2032; Pub.L. No. 101–650, § 316, 104 Stat. 5089, 5115 (1990) (extending life of 18 U.S.C. §§ 4201–4218 for ten years).

4. For purposes of this action, we have assumed without deciding that the·federal parole statutes create a liberty interest entitled to protection under the Due Process Clause. *See Nunez–*

*Guardado v. Hadden*, 722 F.2d 618, 623 (10th Cir.1983) (declining to address whether federal parole statutes create liberty interest sufficient to require some measure of constitutional protection); *cf. Roberts v. Corrothers*, 812 F.2d 1173, 1179 (9th Cir.1987) (declining to decide the issue, but noting that the Eighth, Seventh, and Fifth Circuits have held that federal parole statutes create a liberty interest entitled to some measure of constitutional protection).

role Commission issued a Notice of Action reinstating petitioner to supervision and directing that a summons be issued in sixty days. However, petitioner was not subpoenaed to appear at a local revocation hearing within sixty days. Instead, the Parole Commission withdrew the parole violator warrant.

Thereafter, on October 20, 1982, petitioner was convicted of larceny. Based on this conviction and petitioner's failure to appear for sentencing, the Parole Commission issued a new parole violator warrant. The warrant was executed on December 22, 1982, and petitioner received a parole revocation hearing on January 14, 1983. The Parole Commission issued a Notice of Action on February 19, 1983, revoking petitioner's parole and ordering that none of the time spent on parole would be credited. More than nine years later, petitioner brought this habeas action challenging the Parole Commission's authority to delay his parole revocation hearing until he had been convicted on the underlying state charges. Petitioner claims that under *Still v. United States Marshal*, 780 F.2d 848 (10th Cir. 1985), his right to a timely parole revocation hearing was triggered once the Parole Commission executed the warrant.

■ In *Still*, this court held that the Parole Commission exceeded its statutory authority when it withdrew an executed parole violator warrant and held it in abeyance pending the outcome of state charges upon which the warrant was based. 780 F.2d at 851–52. *Still* stands for the proposition that once he is taken into custody pursuant to a parole violator warrant, a parolee is entitled to the procedural protections of the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201–4218. *Turner*, 934 F.2d at 257.

Respondents maintain that the preliminary interviewer and the case analyst for the Parole Commission recommended releasing petitioner because there was insuf-

ficient evidence at that time to find probable cause to believe he had violated parole. The magistrate judge distinguished this case from *Still*, finding that petitioner did not dispute respondents' assertion regarding probable cause, that the Parole Commission acted within its statutory authority, and that petitioner received all the process he was due with regard to his 1983 parole revocation.

■ We review de novo the question of whether the Parole Commission acted within the scope of its statutory authority. *Turner*, 934 F.2d at 256. In its present state, we cannot agree with the magistrate judge's finding that this case is distinguishable from *Still*. Petitioner claims that a parole officer found probable cause as to each of the parole violations alleged on the warrant application during a preliminary interview. He also asserts that the Parole Commission notified him that it found probable cause to hold him for a parole revocation hearing, and even notified him of the date, time, and place of the hearing.[5]

■ We agree with petitioner that the magistrate judge clearly erred in finding that the preliminary interviewer and the case analyst found insufficient evidence to make a probable cause determination. The magistrate judge's finding was based solely upon respondents' "undisputed" representation. Evidently, the magistrate judge overlooked petitioner's statements in his Traverse to Government's Response to Petition for Writ of Habeas Corpus that the interviewer found probable cause, and that the Parole Commission issued a Notice of Action ordering that petitioner be released "notwithstanding probable cause to hold for final revocation hearing." After combing the record, we find no evidence that the preliminary interviewer, the case analyst, or any one else acting on behalf of the Parole Commission ever found insufficient evidence to make a probable cause determination.[6]

---

5. The record contains no documentation of these decisions by the Parole Commission.

6. Petitioner submitted documents to this court which support his position that the preliminary interviewer, and a case analyst and regional

commissioner for the Parole Commission, found probable cause to hold him for a revocation hearing. *See* Appellant's App., doc. 5, Summary Report of Preliminary Interview, dated June 3, 1982; *see also* Appellant's Supp.App.,

■ Once the Parole Commission triggers the Act's procedural requirements "by 'retaking' the parolee pursuant to a warrant, it can[not] circumvent those requirements by simply withdrawing the warrant." *Still*, 780 F.2d at 851 (citation omitted). A parolee retaken pursuant to a parole violator warrant is entitled to a preliminary hearing "without unnecessary delay, to determine if there is probable cause to believe that he has violated a condition of his parole." 18 U.S.C. § 4214(a)(1)(A); *see also* 28 C.F.R. § 2.48(a) (purpose of preliminary interview is to "determine if there is probable cause to believe that the parolee has violated his parole as charged, and if so, whether a revocation hearing should be conducted"). The Act also requires a parole revocation hearing upon a finding of probable cause at the preliminary hearing. *See* 18 U.S.C. § 4214(a)(1)(B); *see also* 28 C.F.R. § 2.49(e) (revocation hearing must be held within sixty days of probable cause determination).

■ Petitioner's reinstatement to supervision without a revocation hearing would have been proper if the preliminary interviewer or someone else acting on behalf of the Parole Commission had in fact been unable to find probable cause to hold petitioner for a final revocation hearing. *See* 28 C.F.R. § 2.48(d)(1) (contemplates parolee's release if, after the preliminary interview, the interviewing officer and regional commissioner agree there is no probable cause that parolee violated the conditions of parole). If, on the other hand, petitioner was reinstated notwithstanding probable cause to hold him for a revocation hearing, then the Parole Commission lacked the statutory authority to withdraw the parole violator warrant and thereby delay petitioner's revocation hearing pending the outcome of the state charges. *See Still*, 780 F.2d at 853. If, on remand, the district court finds the latter to be the case,

then it should be guided by our discussion in *Still*, 780 F.2d at 853–54, in determining the appropriate remedy.

The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.[7]

Case Analyst Memorandum, dated June 11, 1982. Petitioner states that he obtained some of these documents through Freedom of Information Act requests. Appellant's Supp.App. at 1. This evidence was not available to the district court. Respondents have not had an opportunity to respond to the evidence. Therefore, we have not based our reversal on these documents. On remand, the district court should consider petitioner's claim in light of this new evidence.

7. We note that petitioner is scheduled to be released in December, 1993. We assume that the district court will act promptly on remand.