9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William H. MILLER, Petitioner-Appellant,
v.
FEDERAL BUREAU OF PRISONS; A.F. Beeler, Respondents-Appellees.
 No. 93-6213.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 22, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The district court found Mr. Miller, a federal prisoner, pro se litigant, and five-time parole violator, was deprived of his right to a prompt resolution of outstanding parole violation charges. The court directed the United States Parole Commission to grant Mr. Miller credit for the time he spent in custody on the warrant as well as the time during the unauthorized withdrawal of the warrant. Mr. Miller appeals asserting he should be given credit for additional time including his "street time." We affirm.
 
 
 3
 Mr. Miller earlier appealed, inter alia, the matter of credits to be applied to his federal sentence. Insofar as is applicable to the present controversy, this court remanded to the district court with instructions to determine whether Mr. Miller received a timely resolution of the parole violation charges. The district court concluded Mr. Miller did not receive a timely resolution of the parole violation charges. See Miller v. Federal Bureau of Prisons, 989 F.2d 420 (10th Cir.1993).
 
 
 4
 Upon remand, the district court found, and Mr. Miller agrees, the following relevant chronology of events:
 
 
 5
 Nov. 5, 1980--Mr. Miller was released on parole
 
 
 6
 Nov. 9, 1981--Mr. Miller was arrested and charged by the state with committing three crimes including a larceny
 
 
 7
 Apr. 7, 1982--A parole violator's warrant was issued charging Mr. Miller with the commission of the three state crimes and other parole violations
 
 
 8
 May 25, 1982--Mr. Miller was arrested and taken into custody by the United States Marshal on the parole violator's warrant
 
 
 9
 Jun. 3, 1982--Mr. Miller requested a revocation hearing on the charges contained in the parole violator's warrant
 
 
 10
 Jun. 3, 1982--Probable cause was found to believe Mr. Miller had violated the terms of his parole
 
 
 11
 Jun. 14, 1982--Mr. Miller was released from custody and reinstated to parole due to the fact he needed medical care which was not available where he was being held in custody
 
 
 12
 Aug. 24, 1982--The parole violator's warrant against Mr. Miller was withdrawn "due to a backlog" and no further action thereon was taken
 
 
 13
 Dec. 7, 1982--A new parole violator's warrant was issued charging, inter alia, the commission of the state larceny charge
 
 
 14
 Dec. 22, 1982--Mr. Miller was arrested on the December 7 parole violator's warrant
 
 
 15
 Jan. 14, 1983--Mr. Miller was given a parole revocation hearing
 
 
 16
 Based upon the above facts, the district court concluded Mr. Miller did not receive a timely hearing on the charges contained in the withdrawn parole violator's warrant and concluded Mr. Miller should receive as a credit toward service of his federal sentence (1) the time he was in custody on the initial parole violator's warrant which was from May 25, 1982 until he was released on June 14, 1982; and (2) the time of the unauthorized withdrawal of the parole violator's warrant which was from August 24, 1982 until he was arrested on December 22, 1982.
 
 
 17
 When we remanded this case to the district court to determine whether Mr. Miller received a timely resolution of his parole violation charges, we directed that if the parole charges had not been timely resolved, then the district court should be guided by this court's decision in Still v. United States Marshal, 780 F.2d 848, 853-54. Therein lies the root of the present controversy as Mr. Miller contends the district court failed to properly apply Still.
 
 
 18
 In Still, we held any time the parole violator has served since being taken into custody under the parole violator warrant must be credited toward the unexpired term of the federal sentence. Id. at 854. Specifically, we held "[p]etitioner's federal sentence began to run upon execution of the parole violator warrant, and the unauthorized withdrawal of the warrant did not toll the running of his sentence." Id. (citation omitted). We directed the Commission to credit petitioner with the number of days he had spent in custody since the execution of the parole violator's warrant.
 
 
 19
 We therefore conclude Still requires a parole violator to be given credit for all time served in custody since the execution of the parole violator's warrant that was improperly withdrawn. There is no indication in the record that Mr. Miller was held in custody for this or any other charge other than that found by the district court, and, in fact, the district court allowed more time than dictated by Still.
 
 
 20
 Mr. Miller contends he is entitled to his "street time," yet he cites no authority to support this contention, nor can we find any.
 
 
 21
 As the Bureau of Prisons has not appealed the district court decision, any error therein accrues to the benefit of Mr. Miller.
 
 
 22
 The district court's decision is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3