43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Felix Wesly FESMIRE, Jr., Petitioner-Appellant,
v.
David WALTERS; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6125.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Petitioner appeals from a district court order denying his petition for a writ of habeas corpus under 28 U.S.C. 2241. We affirm for substantially the reasons stated by the district court.
 
 
 2
 In February 1990, the Oklahoma Executive Department (i.e., the Governor acting on the recommendation of the Pardon and Parole Board) issued a parole certificate indicating that petitioner, confined since his conviction for three murders in 1967, was to begin service of his third life sentence. However, the certificate misidentified the latter by interchanging two case numbers, thereby nominally paroling petitioner to one of the sentences he had been serving. After the mistake was discovered, the Department issued an amended certificate properly designating the remaining sentence to be served.
 
 
 3
 Petitioner sought mandamus relief from the state courts, arguing that the initial certificate should control and he should therefore be deemed paroled through all three life sentences (to several later sentences imposed for criminal conduct arising out of his incarceration). The state courts disagreed, holding that the Department acted properly in amending the certificate to correct an obvious clerical error. Petitioner reasserted his contention in his habeas petition, which the district court denied for lack of a cognizable federal claim.
 
 
 4
 On habeas, we review the district court's legal conclusions de novo and its factual findings for clear error. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). Upon consideration of the record and the briefs, we agree with the district court that petitioner's challenge to the Department's issuance of an amended parole certificate involves a question of state law not cognizable on habeas. See Estelle v. McGuire, 502 U.S. 62, ----, 112 S.Ct. 475, 480 (1991)(inquiry into errors of state law "is no part of a federal court's habeas review"). Furthermore, to the extent petitioner attempts to invoke broader principles of due process, we hold that the straightforward clerical correction made here does not raise constitutional concerns. Cf. Miller v. Federal Bureau of Prisons, 989 F.2d 420, 423 (10th Cir.1993)(holding amendment of parole action did not raise due process concerns because, among other reasons, "there [was] no evidence to suggest that the Parole Commission was doing anything other than correcting a clerical error").
 
 
 5
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument