86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Roy GAY, Petitioner-Appellant,
v.
Stephen F. PONTESSO, Warden, Respondent-Appellee.
 No. 95-16596.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Roy Gay, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition challenging the forfeiture of his street time credit. Gay contends that the United States Parole Commission ("Commission") violated his due process rights by forfeiting his street time and that the forfeiture violated the Ex Post Facto Clause of the Constitution. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Vargus v. United States Parole Comm'n, 865 F.2d 191, 194 (9th Cir.1988), and affirm.
 
 
 3
 On April 26, 1976, Gay was convicted of conspiracy to possess and distribute, and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841, 846 (1976). Gay was sentenced to a five-year term of imprisonment with a ten-year special parole term pursuant to 21 U.S.C. § 841(c). After his special parole term commenced, Gay committed parole violations and his special parole term was revoked. Gay was released on December 14, 1984 to serve the remainder of his special parole term. Gay again violated the conditions of his release, and on June 29, 1987, the Commission revoked Gay's special parole, but ordered that his street time be credited from the date of his release until October 3, 1986. On August 14, 1989, after Gay escaped from a halfway house, the Commission retarded his parole and scheduled a rescission hearing to be held following Gay's return to custody. Following a hearing on August 7, 1990, the Commission revoked Gay's special parole and modified its June 29, 1987 Notice of Action by rescinding the street time credit. The rescission of Gay's street time credit was based on the Commission's interpretive regulation published on March 21, 1989 stating "a special parole term violator whose parole is revoked shall receive no credit for time spent on parole pursuant to 21 U.S.C. § 841(c)." See 54 Fed.Reg. 11,689 (1989) (codified at 28 C.F.R. § 2.57(c) (1994)).
 
 
 4
 Gay contends that the Commission violated his due process rights by forfeiting his street time between December 14, 1984 and October 6, 1986 without prehearing notice. Gay also contends that the forfeiture violated the Ex Post Facto Clause of the Constitution. These contentions lack merit.
 
 
 5
 A parole revocation under 21 U.S.C. § 841(c) triggers a mandatory loss of street time. McQuerry v. United States Parole Comm'n, 961 F.2d 842, 845 (9th Cir.1992). Where the forfeiture of street time is nondiscretionary, lack of prehearing notice does not offend due process. Cf. id. at 848 (due process was not violated by cursory hearing because forfeiture of street time is mandatory). Because the forfeiture of Gay's street time was mandatory, Gay's due process rights were not violated by the lack of prehearing notice. See id.
 
 
 6
 Gay contends, however, that McQuerry relies on "the modified 1989 version of § 841(c)" and is thus inapplicable here. The analysis in McQuerry, however, was based on section 841(c), as enacted in 1970, which was not amended from its inception to the date it was repealed. Thus, the Commission's 1989 regulation did not make mandatory what had been discretionary as Gay suggests. See 21 U.S.C. § 841. Accordingly, the regulation does not violate the Ex Post Facto Clause of the Constitution. See Weaver v. Maass, 53 F.3d 956, 959 (9th Cir.1995) (law must work to the offender's disadvantage to violate the Ex Post Facto Clause).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3