**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: MARY JULIA HOOK; DAVID
LEE SMITH,

     Debtors.

-----------------------------

MARY JULIA HOOK,

     Appellant,

v.

DENNIS W. KING, Chapter 7 Trustee;
COLORADO DEPARTMENT OF
REVENUE,

     Appellees.

No. 19-1188
(D.C. No. 1:18-CV-03259-RM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Mary Julia Hook, an attorney representing herself, appeals the district court's

denial of an Emergency Motion to Enjoin Sale of Home Pending Appeal of Closure

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Chapter 7 Bankruptcy Case (Emergency Motion). Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we dismiss this appeal as frivolous and deny Hook's Motion to Proceed *In Forma Pauperis* On Appeal.

## I.    BACKGROUND

Hook and her husband, David Lee Smith (Debtors), filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Colorado. After conclusion of the bankruptcy case and the dismissal of an associated adversary proceeding that Debtors brought against the Colorado Department of Revenue, Debtors appealed from both cases to the United States District Court for the District of Colorado. In that appeal Debtors filed the Emergency Motion, seeking to enjoin the sale of their home pending the appeal. The district court had authorized the sale of their home in a separate foreclosure action.[1]

The district court denied the Emergency Motion because Debtors had not shown a substantial likelihood of success on the merits regarding their appeal of either the bankruptcy case or the adversary proceeding.[2] The court determined that

---

[1] At the time Debtors filed the Emergency Motion, (1) Hook had filed an appeal from the foreclosure action in this court, *see LNV Corp. v. Hook*, No. 19-1131 (10th Cir. filed Apr. 10, 2019); (2) the district court had, in the foreclosure action, denied her motion for a stay of the sale of her home pending appeal; and (3) in the foreclosure appeal, we had denied Hook's emergency motion for a stay of the sale of her home pending appeal, *see LNV Corp. v. Hook*, No. 19-1131 (10th Cir. Apr. 15, 2019) (order denying emergency stay motion).

[2] In denying the Emergency Motion on the merits, the district court elected to overlook potential procedural problems with the motion, one of which was the propriety of seeking the requested relief in this action despite Hook's lack of success

2

Debtors had provided only "conclusory assertions," "unsupported accusations" that the bankruptcy court erred in closing the bankruptcy case and appeared biased, and "bare statements, without supporting authority or factual or legal analysis" that the bankruptcy court erred in dismissing their adversary proceeding. Aplt. App. at 56. The district court also denied Hook's motion for leave to proceed on appeal without prepayment of fees or costs (IFP Motion), explaining that the appeal was "not taken in good faith because" Hook had "not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the appeal." *Id.* at 62. Only Hook appeals.

## II.    DISCUSSION

We review the district court's denial of the Emergency Motion for an abuse of discretion. *See Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). To obtain a preliminary injunction, a litigant must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Id.* Although Hook is proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings because she is an attorney. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

on similar motions in the foreclosure action and the pending appeal from that action. *See supra*, footnote 1.

Hook frames two arguments on appeal. In the first, she summarily asserts the district court erred in characterizing the Emergency Motion as "'rambling, vague[,] and conclusory'"; according to Hook, she "[i]n fact . . . showed a clear and unequivocal right to relief and substantial likelihood of success on the merits." Aplt. Opening Br. at 7 (quoting Aplt. App. at 56). But Hook develops no reasoned argument that she had a likelihood of prevailing on the merits. By not sufficiently raising an argument for reversal, she has waived this issue. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived."). Hook also suggests the district court violated her due-process rights by ruling on the Emergency Motion without holding an evidentiary hearing, but she does not explain how the lack of a hearing prejudiced her. Absent any argument regarding prejudice, her due-process argument is meritless. *See Miller v. Fed. Bureau of Prisons*, 989 F.2d 420, 423 (10th Cir. 1993) (prejudice is necessary element of due-process violation).

In her second argument, Hook contends the district court's orders denying the Emergency Motion and her IFP Motion "created the further appearance of extreme judicial hostility to and bias against [her], in violation of her Fifth Amendment due process right to a fair and impartial decision-maker," Aplt. Opening Br. at 8 (emphasis omitted), and "damaged or destroyed her personal and professional reputations," *id.* at 9. "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal quotation marks omitted). But

4

"[a]dverse rulings alone do not demonstrate judicial bias." *Id.* Because Hook's bias argument relies solely on the district court's adverse rulings, it is wholly without merit.

## III. CONCLUSION

For the foregoing reasons, we conclude this appeal is frivolous. *See Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)). Accordingly, we dismiss the appeal and deny Hook's Motion to Proceed *In Forma Pauperis* On Appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of frivolous appeal filed by party seeking to proceed IFP); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (grant of IFP requires "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal"). Consequently, Hook must pay all appellate filing and docketing fees ($505.00) immediately to the United States District Court for the District of Colorado.

Entered for the Court


Harris L Hartz
Circuit Judge