**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 27, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL EUGENE SIMPSON,

Defendant - Appellant.

No. 20-1363
(D.C. Nos. 1:18-CV-02284-PAB &
1:14-CR-00265-PAB-1)
(D. Colo.)

### ORDER AND JUDGMENT[*]

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.

In this 28 U.S.C. § 2255 proceeding, Michael Eugene Simpson contends the

district court violated his right to due process by construing a letter he sent to this

court as a notice of appeal. Because this court issued a certificate of appealability

(COA), we exercise jurisdiction under 28 U.S.C. § 2253. But we affirm the district

court's judgment denying the § 2255 motion because Mr. Simpson has not

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

established that the handling of the letter constituted a due-process violation, and he has not requested a COA on any other issue.

## BACKGROUND

On direct appeal, this court reversed 10 of Mr. Simpson's 13 convictions for drug and firearms violations. *See United States v. Simpson*, 845 F.3d 1039, 1043, 1064 (10th Cir. 2017). He then challenged the three remaining convictions under § 2255. On August 11, 2020, the district court denied two motions to add new claims to the original § 2255 motion, denied the § 2255 motion, and denied a COA.

Six weeks later, on September 22, Mr. Simpson sent this court a letter "asking for a stay on the proceedings of Case (14-cr-00265-PAB) [his § 2255 case in district court] and keeping on the table [his] rights at appeal." R. Vol. 4 (filed 11/16/20) at 343. Construing the letter as a "misdirected notice of appeal," this court sent the letter to the district court "so it can be properly filed as of October 1, 2020," the date this court filed it. *Id.* at 342.

Then, in a motion dated November 2 and filed on November 12, Mr. Simpson moved the district court to grant him an extension of time to file a notice of appeal. On November 16 the district court denied the motion as moot because this appeal, based on the September 22 letter, was already underway. Mr. Simpson did not dispute that decision or file any other postjudgment motions regarding the § 2255 motion.

With the district court having denied a COA, Mr. Simpson had to secure a COA from this court to be able to proceed with this appeal. *See* 28 U.S.C.

2

§ 2253(c)(1)(B). In requesting a COA, he informed us that in sending his September 22 letter, he had not intended to appeal at that time, but instead simply requested "additional time to file an appeal." Pet. to the Ct. of Apps. for Issuance of COA at 2. He asserted that his "Fifth Amendment right to due process was violated when the district court clerk misconstrued his letter as a request for a notice of appeal; depriving him [of] the right to file a [Federal Rule of Civil Procedure] 59 (e) motion and other motions seeki[ng] redress in the district court first." *Id.* Mr. Simpson did not request a COA on any other issue.

This court granted Mr. Simpson leave to proceed in forma pauperis and granted a COA regarding the handling of the September 22 letter. Mr. Simpson filed an opening brief and the United States responded. We now affirm because he has failed to show that construing the letter as a notice of appeal prejudiced him.

## DISCUSSION

"[P]roof of prejudice is generally a necessary but not sufficient element of a due process claim." *United States v. Lovasco*, 431 U.S. 783, 790 (1977); *see United States v. Thompson*, 518 F.3d 832, 861 (10th Cir. 2008) (defendant failed to show that alleged government intrusion into the attorney-client relationship "caused him any actual and substantial prejudice"); *Miller v. Fed. Bureau of Prisons*, 989 F.2d 420, 423 (10th Cir. 1993) (defendant failed to show prejudice from lack of prompt notice in parole process). Accordingly, Mr. Simpson must show prejudice to proceed with his claim.

There is no doubt that Mr. Simpson wanted to appeal from the denial of his § 2255 motion. He said as much in his November 2020 motion requesting an extension of time to appeal. Given that he certainly wanted to appeal, it is difficult to see how commencing this appeal as of October 1, 2020, prejudiced him in any way. To the extent that he wanted more time to research before filing a notice of appeal, he could not extend the appeal deadline indefinitely. Further, it is unclear how much research would have been required; a notice of appeal need not be elaborate, and the issues for appeal were limited to the questions that had been raised in and resolved by the district court. In any event, this court granted him two extra months to file his motion for a COA and nearly three extra months to file his opening brief.

In granting a COA the court found it significant that construing the letter as a notice of appeal may have barred Mr. Simpson from filing postjudgment motions in the district court. His opening brief, however, alleges only that prison conditions created obstacles to researching and filing motions. These assertions fall short of showing that Mr. Simpson would have filed a potentially meritorious Rule 59(e) or other postjudgment motion *had the court not construed the September 22 letter as a notice of appeal*, which is the basis of Mr. Simpson's due-process claim. Nor does his opening brief offer any other ground for concluding that he was prejudiced *by construing the September 22 letter as a notice of appeal*, rather than from prison conditions or other obstacles. We liberally construe a pro se litigant's filings, but we do not act as his attorney. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And when the litigant fails to brief an issue, "we cannot fill the

4

void by crafting arguments and performing the necessary legal research." *Id.* at 841 (internal quotation marks omitted).

## CONCLUSION

The failure to establish prejudice is fatal to Mr. Simpson's due-process claim. Moreover, he never requested a COA regarding any other issue with regard to the denial of his § 2255 motion. We therefore must affirm the district court's judgment denying the § 2255 motion.

Entered for the Court

Harris L Hartz
Circuit Judge