Herbert David ALGER, Petitioner,

v.

PAGE COUNTY SHERIFF'S DEPART-MENT et al., Respondents.

Civ. A. No. 75–0077(H).

United States District Court,
W. D. Virginia,
Harrisonburg Division.

January 8, 1976.

Herbert David Alger, pro se.

Commonwealth Atty., Page County, and Commonwealth Atty., Warren County, for respondents.

### OPINION and JUDGMENT

DALTON, District Judge.

Herbert David Alger has filed this action against the Page County Sheriff's Department pursuant to 42 U.S.C. § 1983. Petitioner charges that Page County Law Enforcement authorities unlawfully entered petitioner's home on July 6, 1975 to arrest him and subsequently caused damage to his home. In an earlier opinion of this court, *Alger v. Page County Sheriff's Department*, # 75–0077, 11–10–75, this court found that petitioner has stated a cause of action arising under the Constitution and has named a proper party defendant.

Respondents have now moved for summary judgment and submitted the affidavits of Kenneth Kerkhoff, Sheriff of Page County and S. Dean Hahn, a Probation and Parole Officer of the Commonwealth of Virginia. They have also submitted an arrest authority signed by Hahn dated June 19, 1975. It appears that petitioner was on parole from a five year sentence for arson in the Circuit Court of Page County. While on parole he was serving an unrelated charge in the Rockingham County Jail.

On June 19, 1975 Affiant Hahn delivered an arrest authority to Sheriff Kerkhoff. This arrest authority issued by Hahn pursuant to sections 53–250, 53–259, and 53–278.5 of the Virginia Code directed Kerkhoff to take the petitioner in custody for parole violations. Affiant Kerkhoff states that since he knew petitioner was already incarcerated, he requested the Sheriff of Rockingham County to notify his office when petitioner was to be released.

However, on July 5, 1975, Affiant Kerkhoff states that he learned that petitioner had been released without notice to his office. He ordered petitioner to be arrested pursuant to the arrest authority. Petitioner states that law enforcement authorities illegally entered his home to arrest him, breaking a window and the lock on his storm door in the process, and subsequently engaged in an illegal search of his house.

At first glance, this court could not condone any outrageous activity on the part of police. *Bivins v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). But a warrant issued by a parole officer is not to be judged by the same standards as a warrant for the arrest of one merely charged with a crime or a warrant for the search and seizure of property. *United States ex rel. Nicholson v. Dillard*, 102 F.2d 94 (4th Cir. 1939). The prisoner's guilt has already been adjudged and sentence imposed. Thus the purpose of the warrant is merely to restore him to custody and to advise him of the purpose of his reincarceration.

While this court may not necessarily agree with the exact manner of petitioner's arrest, it seems clear that the respondent acted pursuant to legal authority and did not act in such a flagrant manner as to warrant judicial intervention. Accordingly, summary judgment is to be entered for respondent and this case is to be stricken from the docket.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to counsel for respondent.