John William RUSSIE,
Petitioner-Appellant,

v.

UNITED STATES DEPARTMENT OF JUSTICE, United States Parole Commission, United States Marshal, and King County Jail, Respondents-Appellees.

No. 82–3587.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1983.

Decided June 23, 1983.

Alan Corner, Eileen Farley, Bainbridge Island, Wash., for petitioner-appellant.

Robert M. Taylor, Asst. U.S. Atty., Seattle, Wash., for respondents-appellees.

Before HUG, POOLE and NORRIS, Circuit Judges.

POOLE, Circuit Judge:

John William Russie appeals the district court's order denying his petition for a writ of habeas corpus. Russie argues that under 18 U.S.C. § 4164 the United States Parole Commission did not have the authority to issue a federal parole violation warrant against him because he had fewer than 180 days remaining until the expiration of his sentence for violating federal narcotics statutes. The district court held that 18 U.S.C. § 4164, which removes ·the Commission's jurisdiction over a released prisoner during the final 180 days of the prisoner's maximum term, did not apply to Russie because he was serving a special parole term required by 21 U.S.C. § 841(b) when the parole violation warrant was issued. We conclude that the district court was correct in denying Russie's habeas petition because the 180-day limitation of 18 U.S.C. § 4164 is not applicable to released prisoners serving special parole terms.

## FACTS

In October 1977, Russie was convicted of distributing cocaine in violation of 21 U.S.C. § 841. He was sentenced to one year in prison and a mandatory special parole term of three years. After earning 60 days of "good time," Russie was released from prison on July 28, 1978 pursuant to 18 U.S.C. § 4163. He received a Certificate of Special Parole indicating that his special parole term would begin July 30, 1978 and end July 29, 1981.

On May 13, 1981—77 days before his special parole term was due to expire—Russie was charged in state court with distribution of cocaine. On the same day a federal parole violation warrant was issued, but was held in abeyance pending resolution of the state charge.

Russie reported to his federal parole officer on July 29, 1981, the day his special parole was scheduled to expire. Russie's parole officer gave him a notice of discharge indicating Russie had completed his special parole and was released from federal supervision and authority. This discharge was issued in error; apparently the parole officer mistakenly believed the May 13 parole violation warrant had been dismissed. This error was not discovered until November 1981 and Russie was not notified that he was still under the authority of the Parole Commission until December 11, 1981.

In the meantime, Russie pleaded guilty to the state narcotics charge on August 12, 1981. On December 1, 1981, he was sentenced to ten years in state prison. All of the prison time was suspended on the condition Russie serve one year in the King County (Washington) Jail to be followed by six years of probation, that he make restitution and pay a fine, and that he receive mental health counseling. If eligible, Russie was permitted to serve his year in the county jail on work-release, which would allow him to keep a job as a painter.

Russie was informed on December 11 that the notice of discharge he received on July 29 was a mistake and the Parole Com-

mission could still take him back into federal custody. Russie participated in the King County Jail work-release program from December 19 to December 31, 1981. On December 31, a federal detainer on Russie was filed with the jail and, since the detainer made no provision for work-release, Russie was removed from the program and kept in confinement.

Russie was released from the King County Jail in September 1982 and was transferred to federal custody in the McNeil Island Penitentiary. Russie received a parole revocation hearing on December 7, 1982, at which two years of his special parole term were revoked. Russie was thus required to serve an additional two years in federal prison, although he was given credit for the time he had served in the King County Jail.

On January 21, 1982, Russie filed this petition for a writ of habeas corpus. The United States magistrate to whom Russie's petition was referred recommended it be denied. The magistrate concluded that the 180-day limitation of 18 U.S.C. § 4164 applied to general parole and not special parole and that the Parole Commission retained jurisdiction over Russie despite the mistakenly-issued notice of discharge. The district court approved and adopted the magistrate's report and recommendation on August 13, 1982. Russie, who is now in a federal institution in California, appeals.

## APPLICABILITY OF 18 U.S.C. § 4164 TO SPECIAL PAROLE

■ Russie argues that the Parole Commission had no authority to issue the May 13, 1981 parole violation warrant against him because 18 U.S.C. § 4164 removes the Commission's jurisdiction over a released prisoner during the final 180 days of the prisoner's maximum term. Title 18 U.S.C. § 4164 provides that after a prisoner who has served his term—less good-time deduc-

tions—is released from prison he is to be treated as if he were on parole until 180 days before the expiration of the maximum term to which he was sentenced.[1] Any warrant for parole violation for a prisoner released under 18 U.S.C. § 4164 may be issued only if the Commission acts prior to 180 days before the expiration of the prisoner's maximum term. 28 C.F.R. § 2.44(c) (1982).

Russie had completed his one-year prison term, minus a good-time allowance, and was within 77 days of the completion of his maximum sentence when the warrant against him was issued on May 13. However, he was serving a statutorily mandated three-year special parole term when the parole violation warrant was issued.[2]

We conclude that the provisions of 18 U.S.C. § 4164, including the 180-day limitation, are inapplicable to special parole terms. Special parole differs from traditional parole, a distinction recognized by this court in *Bunker v. Wise*, 550 F.2d 1155, 1158 (9th Cir.1977). Special parole is "in addition to, and not in lieu of," any other parole available to a prisoner. 21 U.S.C. § 841(c). This additional period of supervision is designed to begin "upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision ... upon such release." 28 C.F.R. § 2.57(a) (1982); *Bunker*, 550 F.2d at 1158–59. Unlike traditional parole, if special parole is revoked the term is added to the parolee's original prison sentence and he may be required to serve all or part of this additional prison term without credit for the time he spent on special parole. 21 U.S.C. § 841(c).

■ When Russie completed his prison term, he was released to a mandatory special parole term and was not "deemed as if

---

1. Title 18 U.S.C. § 4164 specifically provides: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

2. Title 21 U.S.C. § 841(b) requires imposition of a special parole term whenever a defendant convicted of violating 21 U.S.C. § 841(a), which prohibits the manufacture, possession or distribution of a controlled or counterfeit substance, is sentenced to prison.

released on parole," as 18 U.S.C. § 4164 provides. Russie was therefore not a released prisoner to be treated as if he were on traditional parole, pursuant to the provisions of 18 U.S.C. § 4164, but was instead on special parole when the Commission issued the warrant against him. To apply the 180-day limitation of 18 U.S.C. § 4164 in a case like Russie's would ignore the penalty structure created by Congress in the Comprehensive Drug Abuse Prevention and Control Act of 1970 and would frustrate the intent and purpose of this additional period of supervision Congress considered important enough to require by statute.

The Fifth Circuit reached a similar conclusion in *Llerena v. United States*, 508 F.2d 78, 82 (5th Cir.1975), holding that the 180-day limitation of 18 U.S.C. § 4164 applies to parole "generally applicable in federal criminal cases" rather than to special parole terms. In *Llerena*, a prisoner who had been sentenced to an 18-month prison term for narcotics violations argued that the district court could not later correct his sentence to include a mandatory special parole term because he had already been released from prison and had fewer than 180 days left on his maximum term. The court rejected the argument and said that even though general parole did not apply to Llerena, since fewer than 180 days remained on his sentence, he was still required to serve his special parole term. "Any other construction would render meaningless the special parole provisions of the [Comprehensive Drug Abuse Prevention and Control] Act which are wholesome not only for society but for the prisoner himself," the court concluded. 508 F.2d at 82.

We agree. Special parole is imposed in addition to any other applicable parole, and operates under terms very different from those applied to traditional kinds of parole. 21 U.S.C. § 841(c). Because he was on special parole, Russie was not subject to the 180-day limitation of 18 U.S.C. § 4164.

### NOTICE OF DISCHARGE

Russie also argues that the Parole Commission had no authority to file the December 31, 1981 detainer against him when he was in the King County Jail because it discharged him from federal supervision when it issued him a Notice of Discharge on July 29, 1981. The Commission had issued a valid parole violation warrant against Russie on May 13, 1981. Under 28 C.F.R. § 2.44(d) (1982), such a warrant bars the expiration of a parolee's sentence and maintains the Commission's jurisdiction to retake the parolee even if the retaking occurs after the scheduled expiration date of the parolee's sentence. Since the warrant was issued before Russie's sentence expired, the Commission had the power to execute the warrant even after the scheduled expiration date of Russie's sentence. *Barr v. Parker*, 453 F.2d 865, 866–67 (9th Cir.1971).

But Russie contends that even if the discharge was not effective to withdraw jurisdiction, the Commission should be estopped from acting on the warrant. Russie's parole officer acknowledged that Russie received a notice of discharge by mistake and that Russie should not have been discharged since there was an outstanding warrant for his recapture. Russie argues that the Commission knew of the error before he was sentenced in state court on December 1, 1981 but failed to inform him or the state that a parole violation warrant was outstanding. Russie claims that he would not have pleaded guilty to the state narcotics charge if he had known that he was still on federal parole and subject to recapture.

To apply estoppel in this case would subvert the policy of continuing supervision of drug offenders contained in 21 U.S.C. § 841 and the special parole provisions. Russie has failed to demonstrate affirmative misconduct by the government of the kind that must exist before estoppel can be applied. *United States v. Harvey*, 661 F.2d 767, 773, 775 (9th Cir.1981), *cert. denied*, —— U.S. ——, 103 S.Ct. 74, 74 L.Ed.2d 72 (1982); *Lavin v. Marsh*, 644 F.2d 1378, 1382 (9th Cir.1981). While the record indicates that Russie's parole officer erred in issuing the Notice of Discharge, the mistake does not

reach the level of government misconduct. After the error was discovered, Russie was informed within three weeks that he was still under federal jurisdiction.

In addition, Russie has not produced evidence sufficient to show that he was genuinely prejudiced by the mistakenly-issued discharge. Russie completed his sentence in the King County Jail and was released in September 1982. The federal detainer filed against him prevented him from participating in the county work-release program but did not otherwise alter his state sentence. Russie does not suggest that the government's error in any way affected the underlying offenses, commission of which violated the terms of his special parole, even though those offenses also led to his arrest and conviction in state court. The revocation of two years of Russie's special parole term, and his consequent federal imprisonment, cannot be said to constitute a prejudicial change of position caused by the parole officer's mistake.

Therefore, the judgment of the district court is AFFIRMED.