Richard Allen HAMMONS, Petitioner–Appellant,

v.

The SHERIFF OF JEFFERSON COUNTY, TEXAS, Respondent–Appellee.

No. 89–2134

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 11, 1990.

James M. Murphy, Dallas, Tex., for petitioner-appellant.

---

Dane Smith, Asst. U.S. Atty. and Bob Worhtam, U.S. Atty., for respondent-appellee.

Before WILLIAMS, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant, Richard Allen Hammons, brought this habeas corpus proceeding against the Sheriff of Jefferson County, Texas, claiming that he was improperly held under a defective warrant issued by the United States in connection with violation of his parole by committing another crime while on parole. The warrant did have an error in it. It indicated that the parole grew out of a sentence for one federal conviction when it actually grew out of the sentence for another federal conviction. The district court denied habeas corpus. We affirm.

In 1978, Hammons was convicted of the federal offense of possession with intent to distribute marihuana in Indiana. He was given a three year sentence and a special parole term of two years. After he completed his incarceration, and while he was serving the special parole, he was convicted in North Carolina of the federal offense of conspiracy to possess with intent to distribute methaqualone. Since this drug offense was committed while Hammons was on parole, his parole was revoked. After his release from federal penitentiary on the North Carolina offense, he began to serve over again the two year special parole term from the Indiana offense.

While Hammons was serving the special parole term again, he was arrested for possession of marihuana as a Texas state criminal offense. A parole violator's warrant was issued but held in accordance with common practice and was served after he completed his term for the Texas offense. It is this warrant that is in question. It incorrectly stated that the special parole term which he was serving grew out of the North Carolina conviction rather than out of the Indiana conviction. It is Hammons's contention that he is improperly held under this warrant because the warrant under which he is being detained is defective.

Hammons has made no showing of prejudice as a result of this obvious technical error in the warrant. He makes no claim that he did not know that he was serving a special parole term at the time he committed the Texas drug offense. With Hammons's extensive criminal record, which includes earlier convictions for burglary and separately for forgery before the first drug conviction, there can hardly be a claim that appellant was not fully aware of the operations of the criminal law, of sentencing, and of parole.

There has been virtually no caselaw developed with respect to defective detainer warrants in parole revocation situations. But the authority that does exist supports the pragmatic view that technical error which does not in any way prejudice the prisoner does not serve to void the warrant. Thus in *Perry v. United States*, 831 F.2d 811, 813 (8th Cir.1987), *cert. denied*, 485 U.S. 963, 108 S.Ct. 1230, 99 L.Ed.2d 429 (1988), the Court relied upon the principle that "technical and non-prejudicial variances" do not result in constitutional violations. Also, in *Martineau v. Perrin*, 601 F.2d 1201, 1205 (1st Cir.1977), the Court emphasized the fact that notice of the charges before the parole board need not meet the level of accuracy and specificity of notice required in a criminal prosecution. "While the complaint may have been carelessly worded, petitioner had actual notice of the ... charges. His failure to claim surprise ... attests to this." We also point to *Alger v. Page County Sheriff's Dept.*, 408 F.Supp. 978 (W.D.Va.1976), in which the district court stressed that a warrant issued by a parole officer is not to be judged by the same high standards as a warrant for arrest for suspicion of crime or for a search.

These authorities state the correct law applicable to this case. Appellant knew he was serving a parole, whether or not he knew the source of the parole. He is not prejudiced in any way. The issue which he had to face was whether he had been ar-

rested for an offense while he was serving a special parole term. He was notified by the warrant that he was serving a special parole term at that time. The notification was correct. No possible prejudice to him has been shown. The district court properly denied the writ of habeas corpus.

AFFIRMED.