**Douglas Lauren MARSH, Petitioner–Appellant,**

v.

**Larry F. TAYLOR, Warden, Respondent–Appellee.**

No. 89–56247.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 1990.*

Decided Jan. 28, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Douglas L. Marsh, Boron, Cal., for petitioner-appellant.

Charles L. Kreindler, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before GOODWIN, Chief Judge, WALLACE and NELSON, Circuit Judges.

PER CURIAM:

Marsh appeals from the district court's denial of his petition for a writ of habeas corpus. He argues that the Parole Commission (Commission) had the authority to grant him a presumptive parole date, and that this parole date remains valid despite the government's determination that its actions regarding Marsh's parole date were in error. The district court had jurisdiction pursuant to 28 U.S.C. § 2241. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

Marsh was convicted of attempt and conspiracy to manufacture "euphoria," a controlled substance, in violation of 21 U.S.C. § 846. The conduct underlying the conviction occurred after November 1, 1987. He was sentenced to 51 months' imprisonment pursuant to the federal Sentencing Guidelines, which abolish parole for crimes committed after November 1, 1987. After this court held the Sentencing Guidelines unconstitutional in *Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988), the Commission granted Marsh a presumptive parole date of January 28, 1990. Soon after, however, the Supreme Court upheld the constitutionality of the Sentencing Guidelines in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Thereafter, it was determined that Marsh should indeed serve an unparolable sentence, and the Commission notified him that its previous actions regarding his parole were in error.

## II

Marsh petitioned for a writ of habeas corpus, arguing that he had a right to parole as a result of the Commission's erroneous actions. We review de novo the district court's denial of the petition. *Watts v. Bonneville,* 879 F.2d 685, 687 (9th Cir.1989).

Marsh first argues that the Commission had the authority to grant him parole, and that its decision to set a presumptive parole date was a valid exercise of its discretion. These contentions are incorrect. The conduct underlying his conviction occurred after November 1, 1987, the effective date of the Sentencing Guidelines. *United States v. Gray,* 876 F.2d 1411, 1418 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990). Although some confusion existed after *Gubiensio–Ortiz* with regard to the availability of parole, we have held that the Supreme Court's ruling in *Mistretta* should be applied retroactively. *United States v. Kane,* 876 F.2d 734, 736 (9th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989). Marsh was therefore properly sentenced pursuant to the Sentencing Guidelines. His sentence is, and always has been, unparolable. Accordingly, just as we found the sentence in *Kane* to be illegal, we conclude that the Commission's actions regarding a parole date for Marsh were unquestionably void. *See id.* at 737.

Marsh also argues that the Commission should be estopped from reversing its decision to grant him a presumptive parole date. This argument is also without merit. We have held that in order to assert equitable estoppel against the federal government, a petitioner must show affirmative misconduct on the part of the government. *Russie v. United States Depart-*

*ment of Justice,* 708 F.2d 1445, 1448 (9th Cir.1983) (*Russie*); *United States v. Harvey,* 661 F.2d 767, 773 (9th Cir.1981) (*Harvey*), *cert. denied,* 459 U.S. 833, 103 S.Ct. 74, 74 L.Ed.2d 72 (1982). Although the Commission erred when it acted on the mistaken belief that Marsh's sentence had become parolable, "the mistake does not reach the level of government misconduct." *Russie,* 708 F.2d at 1448–49.

Furthermore, Marsh has failed to demonstrate that he relied to his detriment on the Commission's short-lived decision that he would be granted parole. Such a showing of reliance is also necessary to justify the application of equitable estoppel. *See Harvey,* 661 F.2d at 774. Thus, the Commission is not estopped from correcting its error regarding Marsh's sentence.

AFFIRMED.