985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth WARE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 92-55355.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Ware appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus and denial of his application for a temporary restraining order (TRO). Ware contends that his federal sentence has expired and, therefore, the United States Parole Commission (Commission) lacks jurisdiction over him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's decision on a writ of habeas corpus. Hunter v. Aispuro, No. 90-16398, slip op. at 14953-54 (9th Cir. Dec. 31, 1992). Although an appeal from a denial of a TRO is usually treated as premature, we may view it as a denial of a permanent injunction which we review for an abuse of discretion. Graham v. Teledyne-Continental Motors, 805 F.2d 1386, 1388 (9th Cir.1986), cert. denied 484 U.S. 815 (1987); see also Environmental Defense Fund, Inc. v. Andrus, 625 F.2d 861, 862 (9th Cir.1980) (denial of TRO tantamount to denial of preliminary injunction and, therefore, appealable).
 
 
 4
 If the Commission issues a valid parole violation warrant prior to the expiration of a parolee's sentence, the warrant "bars the expiration of [the] parolee's sentence and maintains the Commission's jurisdiction to retake the parolee even if the retaking occurs after the scheduled expiration date of the parolee's sentence." Russie v. United States Dep't of Justice, 708 F.2d 1445, 1448 (9th Cir.1983); 28 C.F.R. § 2.44(d). Only the Commission, or a member of the Commission, can issue, or withdraw, a parole violation warrant. 28 C.F.R. § 2.44(a)(2). A federal prisoner must exhaust his federal administrative remedies prior to filing a habeas petition. Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991).
 
 
 5
 Here, the Commission issued a valid parole violation warrant against Ware the day before his parole sentence was scheduled to expire. The warrant was held in abeyance pending the resolution of new state criminal charges filed against Ware. Responding to a request by a state agency regarding Ware's status, the United States Marshal's office stated that Ware's warrant had been "recalled". Nevertheless, following Ware's conviction on the state charges, the warrant was activated and a detainer was lodged against Ware at the state institution where he was imprisoned. The Commission subsequently scheduled a dispositional revocation hearing when Ware would be returned to federal custody from state custody. Ware filed an application for a TRO in order to enjoin (1) the Commission from initiating the revocation proceeding, and (2) the federal authorities from taking him into custody. Ware also filed a habeas petition. The Commission has not conducted the dispositional revocation hearing, and Ware has not sought any administrative remedies.
 
 
 6
 Ware's contention that the Commission lacks jurisdiction over him lacks merit. Because the Commission issued a valid parole violation warrant against Ware prior to the expiration of his parole sentence, his sentence is barred from expiration, and the Commission has jurisdiction to retake him. See Russie, 708 F.2d at 1448; 28 C.F.R. § 2.44(d). The letter from the U.S. Marshal's Office, concerning the status of his warrant, had no effect on the status of the warrant because only the Commission, or one of its members, had the authority to withdraw Ware's parole violation warrant. See 28 C.F.R. § 2.44(a)(2); see also Russie, 708 F.2d at 1448-49 (mistakingly-issued discharge did not divest Commission of its power to file a detainer against parolee pursuant to a valid parole violation warrant). Accordingly, the district court did not abuse its discretion by denying Ware's application for a TRO. In addition, the district court properly dismissed Ware's habeas petition for failure to exhaust his administrative remedies. See Tucker, 925 F.2d at 332.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3