5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David Lee ALEXANDER, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 92-56376.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 8, 1993.
 
 Before: TANG, CANBY, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Alexander, a federal prisoner, timely appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. Sec. 2241. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253 and 28 U.S.C. Sec. 1291; we affirm.
 
 
 3
 * Alexander has been a federal or state prisoner almost continuously since 1975. In 1975, Alexander was sentenced, in two different federal districts, to two concurrent ten-year prison terms for bank robbery. At the time of these sentences, Alexander was on probation from the State of Nevada. That probation was revoked; Alexander was ordered to serve a five-year Nevada term consecutive to the two federal sentences. Alexander's full-term date under the federal sentences was December 16, 1984.
 
 
 4
 On January 14, 1980, Alexander was released on federal parole to Nevada authorities. On January 4, 1981, the Nevada state prison system paroled Alexander. He was then serving one state and one federal parole term. He did not serve these parole terms for long.
 
 
 5
 On March 9, 1981, Alexander was arrested for bank robbery. On May 8, 1981, a federal parole violator warrant was issued. On July 21, 1981, a Nevada state court sentenced Alexander to twelve years for bank robbery. On February 2, 1982, a federal district court convicted Alexander of bank robbery; he was sentenced to a ten-year term, consecutive to the twelve-year state term.[1]
 
 
 6
 Between April 1982 and August 1984, the United States Parole Commission (the "Commission") corresponded with the Nevada state prison officials for documents in preparation for a dispositional review, pursuant to 28 C.F.R. Sec. 2.47(a). On August 15, 1984, Alexander was given a "Dispositional Revocation Parole Hearing" by the Commission. The hearing panel noted that, at the time of Alexander's release on federal parole in 1980, he had fifty-nine months and two days remaining on his sentence. On September 6, 1984, the Commission revoked Alexander's federal parole and ordered that none of the time he had spent on parole would be credited. The Commission also ordered that: "the unexpired portion of your federal sentence ... shall commence upon your release from state custody and release from your new consecutive federal sentence ... or upon federal reparole to your state or federal sentence, whichever comes first."
 
 
 7
 In October 1986, the Commission gave Alexander a presumptive parole date after service of 160 months. The 160-month release date included a twelve-month superior program and achievement credit for attempting to save the life of a staff member. In December 1987, Alexander was released from state custody and began serving his consecutive ten-year federal sentence. On August 19, 1988, the Commission gave Alexander an additional eleven-month superior achievement credit; this gave a presumptive parole date of September 9, 1993.[2]
 
 
 8
 Alexander filed this petition for writ of habeas corpus challenging the decisions of the Commission on April 23, 1992. Alexander raises three issues in support of his petition for writ of habeas corpus.
 
 II
 
 9
 We review de novo the denial of a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). The district court, pursuant to 28 U.S.C. Sec. 636(b)(1)(B), approved and adopted the findings, conclusions, and recommendations of the magistrate judge. We review the findings of fact adopted by the district court under the clearly erroneous standard. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 10
 * Alexander claims that the commission's revocation of his federal parole on September 6, 1984 was unlawful because his sentence had already expired. He is mistaken.
 
 
 11
 The issuance of a parole violator warrant tolls the running of a sentence. 28 C.F.R. Sec. 2.44(d); Russie v. United States Dep't of Justice, 708 F.2d 1445, 1448 (9th Cir.1983). A warrant issued before a sentence expires is timely and may be executed after the expiration date. Id. The issuance of the Commission's parole violator warrant on May 8, 1981 tolled the running of Alexander's sentence.
 
 
 12
 Additionally, the Commission ordered Alexander's parole revoked on September 6, 1984--not in 1989 as he claims. Even if his original federal sentence had not been tolled by the issuance of the parole warrant, it would not have expired until the original full-term date of December 16, 1984.
 
 B
 
 13
 Alexander claims that he was not given a timely parole revocation hearing pursuant to 28 C.F.R. Sec. 2.47(a). This regulation requires that a parolee serving a new local, state, or federal sentence be given a dispositional review of his warrant or a parole revocation hearing within a certain time frame. Absent prejudice or bad faith, the only remedy for delay in a dispositional review is a writ of mandamus. Poyner v. United States Parole Comm'n, 878 F.2d 275, 276 (9th Cir.1989).
 
 
 14
 Although the dispositional review may have been untimely, the magistrate found no prejudice or bad faith. This finding is not clearly erroneous. Indeed, as Alexander was eventually given both a dispositional review and a revocation hearing, the issue is moot. Anderson v. United States, 898 F.2d 751, 752 (9th Cir.1990).
 
 C
 
 15
 Finally, Alexander claims that his twenty-three month superior program achievement award credit was not correctly credited pursuant to 28 C.F.R. Sec. 2.60. Under 28 C.F.R. Sec. 2.60(a), a prisoner who demonstrates superior program achievement may be considered for a limited advancement of his presumptive release date. Alexander believes that his credit was incorrectly deducted from a presumptive parole date beyond his full-term sentence date.
 
 
 16
 Alexander misunderstands the sentence computation; his presumptive parole date is not beyond the date of his full-term sentence. Alexander's full-term date on his latest ten-year federal sentence is December 16, 1997. His presumptive parole date, after deducting his twenty-three months credit, is September 9, 1993. This date is not beyond either his latest ten-year federal sentence expiration date (December 16, 1997) or the expiration date including the remainder of the parole violator term (fifty-nine months and two days after release from incarceration).
 
 
 17
 Alexander also contends that 28 C.F.R. Sec. 2.60(f) should apply in his case and that the credit should be deducted from his two-thirds date. The government argues that Sec. 2.60(f) does not apply to Alexander because his credit was not deducted from a "continue to expiration" date. However, even if this regulation applies to Alexander, his two-thirds date on the latest ten-year federal sentence is August 16, 1994. Two-thirds of his parole violator term is approximately forty-three months, and, once added to that date, yields a total two-thirds date of approximately March 16, 1998. Subtracting Alexander's twenty-three month credit would yield a parole date of April 16, 1996. Alexander's presumptive parole date of September 9, 1993 is far more favorable.
 
 III
 
 18
 The decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It appears from the record that until August 1984, Alexander mistakenly thought his federal term was concurrent to his state sentence. In a prior appeal from a district court denial of his 28 U.S.C. Sec. 2255 motion, Alexander focused on the validity of the consecutively imposed federal sentence. The sentence was upheld
 
 
 [2]
 In 1989, the Commission decided that Alexander's presumptive parole date on his parole violator term was also September 9, 1993