64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude H. ATKINSON, Petitioner-Appellant,
v.
Bob GUZIK; United States Parole Commission, Respondents-Appellees.
 No. 95-5261.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1995.
 
 Before: KEITH, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Claude H. Atkinson, a federal pro se prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Atkinson was serving a three-year special parole term resulting from a conviction for dealing in marijuana when he violated his parole. On August 21, 1990, Atkinson was charged with and later pleaded guilty to additional narcotics violations for which he was sentenced to 210 months of imprisonment. A warrant charging Atkinson with violating his special parole term was issued by the United States Parole Commission (Commission). On June 9, 1992, a dispositional revocational hearing was held after which the following parole action was ordered by the Commission: 1) revoke special parole; 2) none of the time spent on special parole shall be credited. The warrant shall be executed and the unexpired portion of the original sentence shall commence upon release from the new sentence or parole on the violator term; and 3) continue to presumptive parole August 21, 2000 after service of 120 months on the violator term. On appeal, the National Appeals Board affirmed the Commission's decision. It was determined that none of the time Atkinson spent on release (street time) should be credited, and that he should serve the full three-year special parole term upon his release from the sentence of imprisonment for the new conviction.
 
 
 3
 Atkinson then filed his thirty-nine page habeas corpus petition and it is difficult to discern what claims he is raising. As noted by the district court, "petitioner's arguments are either incoherent or simply irrelevant." The district court construed Atkinson's habeas petition as arguing that, based on the use of the phrase "violator term" by the Commission in some documents explaining its decision, the Commission could not require him to serve his sentence for the parole violation consecutively to his new sentence. The district court found that petitioner's claim was devoid of statutory, regulatory or constitutional support and that Atkinson was not entitled to any relief. 28 U.S.C. Sec. 2243. The district court then denied Atkinson's habeas petition.
 
 
 4
 On appeal, Atkinson's thirty-four page brief is construed as arguing those claims which he raised in the district court. Even though the respondents were not served with Atkinson's original complaint in this lawsuit, they made a limited appearance in this appeal by filing a brief without waiving any procedural or substantive defenses. Atkinson has filed a motion to proceed as a pauper.
 
 
 5
 Upon de novo review, we affirm the district court's judgment for the reasons set forth in its order filed January 4, 1995. A review of the Commission's decision is limited to a determination of whether a rational basis exists for the Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). To the extent that Atkinson's habeas petition can be construed as raising claims that challenge the factual determinations of the Commission, these claims are not subject to review by this court. Id.
 
 
 6
 The Commission's decision to grant or to deny parole is an action committed to agency discretion under the Administrative Procedure Act, 5 U.S.C. Sec. 701(a)(2), and is insulated from judicial review. Id. at 39; see also Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). Atkinson argues that the Commission could not require him to serve the sentence for his parole violation consecutive to his new federal sentence on the narcotics violation. However, pursuant to 28 C.F.R. Sec. 2.47, the Commission has the authority to determine if the violator term is to run consecutively or concurrently and this action by the Commission is committed to agency discretion and is not subject to judicial review. See King v. United States Parole Comm'n, 744 F.2d 1449, 1451 (11th Cir.1984). A mere clerical error or misuse of semantics in a Commission document does not preclude the Commission's proper application of its regulations and the applicable statutes. See Marsh v. Taylor, 925 F.2d 1131, 1133 (9th Cir.1991) (per curiam) (Commission's misinterpretation of a non-parolable sentence as parolable was void and petitioner was not entitled to habeas relief after the Commission reversed the initial decision and denied parole). There is no indication that the Commission committed any constitutional error, and the Commission's decision to revoke Atkinson's parole and to run the term consecutive to his new federal sentence, was within the Commission's statutory authority.
 
 
 7
 Accordingly, we grant Atkinson pauper status for purposes of this appeal only and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.