United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50234
Summary Calendar

EDWARD J. WARD,

Petitioner-Appellant,

versus

UNITED STATES PAROLE COMMISSION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 1:05-CV-176
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edward Ward appeals the denial of his petition for a writ of mandamus. Ward, who was sentenced in October 1983 to, inter alia, a 15-year term of special parole, claims that the United States Parole Commission ("USPC") terminated its jurisdiction over him by issuing a certificate of discharge in May 2000, while he was on regular parole. He challenges the USPC's continued exercise of jurisdiction, including the issuance of a violator's warrant in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

November 2000.

Ward has moved to supplement the record on appeal. His motion is granted.

A term of special parole "is an additional period of supervision which commences upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release." 28 C.F.R. § 2.57(a). If a parolee is granted early termination of regular parole pursuant to 28 C.F.R. § 2.43, "the Special Parole Term commences to run at that point in time." Id. "Early termination from supervision from a Special Parole Term may occur as in the case of a regular parole term, except that the time periods considered shall commence from the beginning of the Special Parole Term." Id.

A notice of discharge issued by mistake does not estop the USPC from acting on a violator's warrant absent a showing of affirmative misconduct by the government and a showing that the parolee was prejudiced. See Russie v. United States Dep't of Justice, 708 F.2d 1445, 1448-49 (9th Cir. 1983); cf. Llerena v. United States, 508 F.2d 78, 82 (5th Cir. 1975) (stating that error by district court does not provide immunity from a term of special parole). Our review of the record reveals no indication that the USPC considered early termination of Ward's 15-year term of special parole; indeed, under the governing regulations, the USPC could not validly grant early termination of a mandatory term of special pa-

role where, as here, such a term had yet to commence. See 28 C.F.R. § 2.57(e).

At most, the record indicates a mistake in the issuance of the certificate of discharge, which did not prejudice Ward, who has admitted that he was unaware of the certificate. In view of the foregoing, the district court did not abuse its discretion in denying mandamus relief on this claim. See United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979).

Ward, who contends that the violator's warrant was validly executed in December 2000, argues that the USPC denied him due process because it failed to hold a revocation hearing following execution of the warrant. Ward concedes in his reply brief, however, that a revocation hearing was conducted by the USPC on April 11, 2006, and he does dispute the district court's determination that he received credit for the time served between his arrest and his conviction on money laundering charges in 2001. Accordingly, Ward's demand for mandamus relief in the form of a revocation hearing and sentence credit is moot. See Musgrave v. Arnow, 497 F.2d 111, 111 (5th Cir. 1974).

AFFIRMED; MOTION TO SUPPLEMENT THE RECORD GRANTED.