Mark BOND, Petitioner–Appellant,

v.

UNITED STATES PAROLE COMMISSION, Respondent–Appellee.

No. 07–55327.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Mark Bond, Inez, KY, pro se.

Andrew G. Brown, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Mark Bond, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2241 habeas corpus petition challenging a United States Parole Commission detainer that has been placed against him while he serves his sentence on a 1995 conviction for armed bank robbery and other crimes. He contends that the detainer is unlawful because he was not serving a special parole term on a 1985 conviction for heroin possession and other crimes when in 2000 the Parole Commission issued a warrant for his arrest for violating the terms of his special parole. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The sentencing court ordered Bond's 10–year special parole term to commence upon his release from custody and to run concurrently with a 5–year term of probation. On October 12, 1990, Bond was released on parole pursuant to 18 U.S.C. § 4163, and he signed a special parole term certificate stating that he would begin serving the special parole term on May 21, 1993. His 5–year term of probation also began on October 12, 1990. The Parole Commission issued the warrant on October 16, 2000.

Bond contends that the Board acted outside its statutory authority in commencing a special parole term while he was serving a federal term of probation because, as stated in *Russie v. United States Dep't of Justice,* 708 F.2d 1445, 1447 (9th Cir.1983), former 21 U.S.C. § 841(c) (1980) provided that special parole is "in addition to, and not in lieu of," any other parole available to a prisoner. As explained by the district court, this means that special parole, unlike regular parole, follows a term of imprisonment. *See Robles v. United States,*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

146 F.3d 1098, 1100 (9th Cir.1998). Similarly, probation, unlike regular parole, is an alternative to a term of imprisonment. *See United States v. Belgard,* 894 F.2d 1092, 1100 (9th Cir.1990). The sentencing court properly ordered both Bond's special parole and his probation to commence upon release from custody. *See United States v. Levitt,* 799 F.2d 505, 507 (9th Cir.1986) (probation commences when imposed unless otherwise ordered by court).

**AFFIRMED.**[1]

---

1.  Appellant's request for judicial notice is denied as unnecessary; the materials attached to his reply brief already are included in the record.