IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 15, 2016

**STATE OF TENNESSEE v. ALLEN GLEN BEGLEY**

**Appeal from the Criminal Court for Sullivan County**
**No. S58,565    James F. Goodwin, Jr., Judge**

_____

**No. E2016-00331-CCA-R3-CD**

_____

The Defendant, Allen Glen Begley, appeals as of right from the Sullivan County
Criminal Court's revocation of the balance of his two-year probationary sentence for
failure to appear. The Defendant submits that he was not afforded due process because
the violation affidavits, which listed the wrong case number, were "fatally defective."
Following our review, we affirm the trial court's revocation of the Defendant's probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which TIMOTHY L.
EASTER, J., joined. ROBERT H. MONTGOMERY, JR., J., not participating.

Stephen M. Wallace, District Public Defender; and William Andrew Kennedy, Assistant
District Public Defender, for the appellant, Allen Glen Begley.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel;
Barry P. Staubus, District Attorney General; and Teresa A. Nelson, Assistant District
Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

From the sparse record, we glean the following procedural history surrounding
the revocation of the Defendant's failure to appear sentence. On November 30, 2010, the
Defendant was charged in two cases: case number S58,564 for theft of property valued at
$1000 or more but less than $10,000, a Class D felony, see Tennessee Code Annotated
sections 39-14-103, -105; and case number S58,565 for failure to appear in Bristol

General Sessions Court case number S23151, a Class E felony, see Tennessee Code Annotated section 39-16-609.  The Defendant pled guilty as charged in both cases on April 8, 2011, and sentences were imposed in each case on June 3, 2011.  Judgment forms were filed on June 9, 2011.

In case number S58,564, the Defendant received a suspended sentence of three years for his theft of property conviction, and he agreed to reside at the John R. Hay House Residential Treatment Facility ("Hay House"), as a condition of his community corrections supervision.  He was ordered to report to the Hay House on June 10, 2011.  Regarding his failure to appear conviction in case number S58,565, he received a one-year suspended sentence, likewise to be served on community corrections as a resident of the Hay House, and consecutively to the sentence in S58,564.  Both sentences were ordered to be served consecutively to two prior cases in Kingsport General Sessions Court.

It appears that the Defendant violated the terms of his Community Corrections Agreement, and his placement in that program was revoked on July 20, 2012.  The Defendant was ordered to serve his three-year sentence for theft of property, and his failure to appear sentence was enhanced from one year to two years.  In the special conditions section of the July 27, 2012 amended judgment form in case S58,565, it was stated, "[T]he defendant is placed on supervised probation consecutive to S58,564." Thereafter, a probation violation warrant was filed in April 2014,[1] and his two-year probationary sentence for failure to appear was revoked on May 28, 2014.

In January 2015, the Defendant was granted determinate release on his two-year felony failure to appear sentence.[2]  The determinate release probation certificate indicated that Defendant was to be placed on probation on January 20, 2015, and that his probation would expire on October 21, 2015.  The conditions of probation were listed on the certificate.  However, the certificate listed the case number as S58,564, which was the Defendant's theft of property conviction, rather than his failure to appear conviction in case number S58,565.

On April 1, 2015, a violation of probation affidavit was issued—listing case number S58,564; stating the offense as "felony failure to appear (determinate release)" with a two-year sentence; providing a conviction date of June 3, 2011; and reflecting that probation was granted on June 3, 2011, and was set to expire on October 21, 2015.  It was

---

[1]  It appears from the testimony at the revocation hearing that the Defendant was charged and convicted of domestic assault and vandalism, which acts formed the basis of this revocation.

[2]  See Tenn. Code Ann. § 40-35-501(3) ("Notwithstanding any other law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date.").

alleged in the affidavit that the Defendant violated his probation by testing positive for illegal drugs. A second affidavit was executed on November 4, 2015, providing the exact same case and sentence information, but this time it was alleged that the Defendant had violated his probation by obtaining new arrests following a traffic accident. The Defendant was arrested on these first two violations in December 2015.

A revocation hearing on the failure to appear sentence took place on February 1, 2016. Just prior to the hearing, on that same day, the Defendant's probation officer signed a third violation affidavit, averring therein that the Defendant had absconded from supervision since March 24, 2015. Again the affidavit contained the same identifying case information. This affidavit was served on the Defendant at the outset of the revocation hearing.

Initially, the Defendant moved to dismiss the violation warrants as "fatally defective" because all three listed the wrong case number S58,564, involving theft of property, and that sentence had already expired. The State argued that the mistake was merely a "clerical error" which could be corrected at any time pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure,[3] noting that affidavit and warrant "clearly allege[d] the correct charge, the felony failure to appear[,] . . . that he was on determinate release, that it was a [two-]year sentence" and "state[d] the correct start time and . . . expiration[.]" The State averred that, given this identifying information, the Defendant "was clearly advised of what charge he was being violated on[,]" and therefore, his due process rights had not been infringed upon. The trial court agreed with the State and corrected the probation violation affidavits to reflect the case number S58,565 by crossing out the 4, replacing it with a 5, and initialing the change.

The Defendant's probation officer, Mattie Rasnake, then testified. Ofc. Rasnake began her supervision of the Defendant following his determinate release on January 20, 2015. She testified that the Defendant failed a drug test on March 24, 2015, testing positive for marijuana, buprenorphine, and oxycodone. She further stated that, from March 24, 2015, until his December 2015 arrest, the Defendant did not report to her for their scheduled appointments. Regarding the Defendant's arrests following the traffic accident, Ofc. Rasnake testified that those charges were still pending "to [her] knowledge[.]" According to Ofc. Rasnake, when she conducted "the initial intake with the Defendant[,]" she confirmed that his driver's license was suspended.

Based upon this proof, the trial court concluded that the Defendant had violated the terms of his probationary sentence by failing the drug screen and absconding from

---

[3] Rule 36, in pertinent part, provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36.

supervision. The trial court revoked the "balance of the determinate release" on the Defendant's two-year sentence for failure to appear in case number S58,565. The Defendant perfected a timely appeal from the trial court's ruling.

## ANALYSIS

On appeal, the Defendant does not contest the grounds supporting revocation, instead claiming that he was not given proper notice of the case on which he was to defend because the violation affidavits referenced the wrong case number, S58,564, and that this mistake was not merely a "clerical error" but a "fatal" error depriving him of due process of law. The State responds that "the trial court properly held that the probation violation warrants contained a clerical error when they cited a violation of case number S58,564 rather than case number S58,565." We agree with the State.

Because the guilt of a probationer has already been decided, "the full panoply of rights due a defendant" does not apply to a revocation hearing. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993) (quoting Black v. Romano, 471 U.S. 606, 613 (1985)) (internal quotation marks omitted). However, a probationer's freedom from incarceration being at stake, certain due process rights do apply. Id. A defendant is entitled to the "minimum requirements of due process" during a revocation proceeding, including: (1) written notice of the claimed violation(s); (2) disclosure of the evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973); Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

Here, the Defendant was provided with three written violation affidavits. He was clearly provided with written notice of the claimed violations of probation, the evidence of those violations, and an opportunity to present evidence and to cross-examine the witness against him. The proof introduced at the hearing pertained to the allegations in the affidavits, and the trial court made factual findings regarding the allegations.

The Defendant argues only that he was not given sufficient notice of the specific case on which he was to defend, leading to "fatally defective" violation documents. However, all three violation affidavits state the offense as "felony failure to appear (determinate release)" with a two-year sentence; provide a conviction date of June 3, 2011; and reflect that probation was granted on June 3, 2011, and was set to expire on October 21, 2015. The original judgment forms in both case numbers S58,564 and S58,565 reflect a "sentence imposed date" of June 3, 2011, and the Defendant's sentences

-4-

were suspended, albeit to community corrections, at that time.[4] Most importantly the offense listed in the probation violation affidavits was "felony failure to appear (determinate release)" with a two-year sentence and that probation was set to expire on October 21, 2015. The Defendant's determinate release certificate listed the failure to appear conviction only and stated that the Defendant was to be placed on probation on January 20, 2015, and that his probation would expire October 21, 2015. Ofc. Ransake testified that she first began supervising the Defendant following his determinate release on January 20, 2015, and she was the officer who signed the violation affidavits. All information clearly identifies case number S58,565 rather than S58,564. Moreover, the Defendant had previously been ordered to serve his three-year sentence for theft of property in July 2012.

In State v. Kelly Ruth Osteen, the Defendant argued that the trial court lacked jurisdiction to revoke her probation because her probationary sentences had expired prior to the issuance of the warrant for violating probation. No. M2012-02327-CCA-R3-CD, 2013 WL 3968196, at *3 (Tenn. Crim. App. Aug. 1, 2013). In so doing, she relied upon the second probation order, which stated that the expiration of the sentences was on April 6, 2012. Id. However, every document in the record indicated that the Defendant was to serve a three-year sentence entered on April 6, 2010. Id. at *4. Also, the first probation order, signed by the Defendant, showed that she was sentenced to a three-year sentence to be served on supervised probation with the sentence expiring on April 6, 2013. Id. This court concluded that, "[b]ased on the record as a whole, it [was] clear . . . that the error on the second [p]robation [o]rder was a clerical error[,]" and was correctable under Rule 36 of the Tennessee Rules of Criminal Procedure. Id. Therefore, according to the panel, the trial court had jurisdiction to revoke the defendant's probation in 2012. Id.

We find Osteen persuasive and conclude that the trial court properly determined that the violation affidavits contained a clerical error. Accordingly, the Defendant's due process rights were not violated through insufficient notice. See, e.g., Hammons v. Sheriff of Jefferson Cnty., Texas., 901 F.2d 59, 60 (5th Cir. 1990) (technical and non-prejudicial error in parole warrant did not result in constitutional violation; "technical error which does not in any way prejudice the prisoner does not serve to void the warrant"); Claude H. Atkinson v. Bob Guzik, U.S. Parole Comm'n, No. 95-5261, 1995 WL 499502, at *2 (6th Cir. Aug. 21, 1995) ("A mere clerical error or misuse of semantics in a Commission document does not preclude the Commission's proper application of its regulations and the applicable statutes." (citing Marsh v. Taylor, 925 F.2d 1131, 1133 (9th Cir. 1991) (per curiam))); Squire v. Fulwood, 75 F. Supp. 3d 548, 550 (D.D.C. 2014) ("[A] typographical error in the document memorializing the jurisdiction of conviction does not change that fact."); Darrell Joseph Jackson, Jr., v. U.S. Parole Comm'n, No. 13-

---

[4] The July 27, 2012 amended judgment form reflected the enhanced sentence of two years for the failure to appear conviction and the Defendant's placement on supervised probation.

1936, 2014 WL 683878, at *2 (D.D.C. Feb. 21, 2014) (error in violation-warrant application did not "give rise to a due-process claim"). The Defendant is not entitled to relief.

CONCLUSION

Based on the foregoing reasoning and authorities, we conclude the Defendant's due process rights were not violated by the trial court's revocation of the balance of his two-year sentence for failure to appear. Accordingly, we affirm the judgment of the trial court.

_____
D. KELLY THOMAS, JR., JUDGE